**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 18, 2005**

**TENTH CIRCUIT**

PETER N. GEORGACARAKOS,

Plaintiff - Appellant,

v.

H. WATTS; G. L. HERSHBERGER; J. SLYKER; D. S. DODDRILL; J. M. HURLEY; T. R. SNIEZEK; J. REED; DOPPELSON; WILSON; W. J. ROAL; M. E. RAY; R. A. HOOD; M. V. PUGH; J. D. LAMER; D. A. DUNCAN; E. J. NETZBAND; L. SMITH; ALEXANDER; APONTE,

Defendants - Appellees.

No. 05-1180

D. Colorado

(D.C. No. 04-Z-2590)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Peter N. Georgacarakos appeals the dismissal of his pro se civil-rights complaint for failure to exhaust administrative remedies. His motion to proceed in this court without prepayment of fees is also pending. We exercise jurisdiction under 28 U.S.C. § 1291, grant the motion, and affirm.

## I.    DISTRICT-COURT PROCEEDINGS

Mr. Georgacarakos is an inmate of the United States Penitentiary in Florence, Colorado. On December 16, 2004, he filed a pro se civil-rights complaint in the United States District Court for the District of Colorado. He named 19 defendants, each of them prison officials, some local, others regional, still others, national. His claims appear to fall into six categories: (1) interference with the free exercise of his Asatru religion; (2) discrimination on the basis of his being Asatru; (3) discrimination on the basis of his race (he is white); (4) denial of due process on the ground that prison officials falsified documents and fabricated evidence in administrative proceedings; (5) denial of due process in that he was kept in isolation for a period several years longer than that authorized by law; and (6) isolation that constituted cruel and unusual punishment. The form complaint that Mr. Georgacarakos used includes the question, "Have you exhausted the available administrative remedies? Attach copies, if available." followed by a yes-or-no choice and two lines to explain.

Mr. Georgacarakos checked "yes" and wrote: "have filed myriad requests, each of which was ignored or circumvented."

On January 14, 2005, the district court issued an order to show cause within 30 days why the complaint should not be dismissed for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). The exhaustion requirement, the court explained, must be satisfied with respect to all claims stated in the complaint; if it is not satisfied as to even one of the claims, then the entire complaint must be dismissed. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188–89 (10th Cir. 2004). Mr. Georgacarakos did not attach to his original complaint any copies of grievances or other documents in support of his claim that he had exhausted administrative remedies. The show-cause order ordered him to do so.

On February 8 Mr. Georgacarakos filed a "Showing of Cause." He attached his submissions and the administrative decisions in several administrative appeals and wrote:

> The attached exhibits represent several [Bureau of Prisons]
> administrative remedy appeals, out of dozens the plaintiff has filed,
> and should satisfy the order of the court. Plaintiff cannot afford to
> make multiple copies of *all* documentation related to administrative
> remedy filings, but will meet any further specific demands of the
> court in a timely manner should the court for any reason deem the
> attached exhibits insufficient to show cause.

R. doc. 6 at 1–2.

On March 2, 2005, the district court rejected Mr. Georgacarakos's showing of cause as insufficient and dismissed his complaint for failure to exhaust administrative remedies. In particular, the court noted that Mr. Georgacarakos's complaint stated claims for "alleged religious discrimination dating back to 1994," but the attachments to his showing of cause were "limited to events that occurred in 2003 and 2004." D. Ct. Order (March 3, 2005) at 3, R. doc. 8 at 3.

On March 11 Mr. Georgacarakos moved for reconsideration of the district court's order. He advanced three arguments: (1) that the attachments to his original showing of cause did demonstrate exhaustion as to all his claims; (2) that, in any event, additional attachments to his motion for reconsideration adequately demonstrate exhaustion; and (3) that his attachments at least demonstrate the impossibility of getting a fair hearing on his claims through the administrative-review process. At the end of his motion he reiterates his claim that he lacks the means and sophistication to comply with the court's requirement of evidence of exhaustion if what he has submitted is not already enough:

> If the court . . . continues [to find the evidence of exhaustion insufficient], then the Plaintiff additionally moves this court in the interests of *Haines v. Kerner* and justice, to temporarily appoint counsel for the adequate investigation and presentation of this matter. The seriousness of the alleged violations and the severe restrictions on the plaintiff's ability to prepare court documents justifies such.

R. doc. 9 at 6–7. The cited case is likely *Haines v. Kerner*, 404 U.S. 519 (1972), in which the Supreme Court held a pro se petitioner's pleadings, under the liberal-

construction rule, sufficient to survive a motion to dismiss for failure to state a claim.

On March 24 the district court denied Mr. Georgacarakos's motion to reconsider. The court held that under Federal Rule of Civil Procedure 59(b), a motion to reconsider can be granted on three principal grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." D. Ct. Order (July 24, 2005) at 2, R. doc. 11 at 2. The court held that Mr. Georgacarakos had not pointed to any change in the law or newly available evidence and had not demonstrated clear error in or manifest injustice arising from the court's determination that his original showing of cause was insufficient. The court did not address Mr. Georgacarakos's request for appointment of counsel.

On April 1 Mr. Georgacarakos filed a second motion to reconsider, reiterating prior contentions and attaching 34 other documents in which prison officials had rejected his claims. On April 5 the district court summarily denied the motion "for the reasons set forth in the Court's Order Denying [the first] Motion for Reconsideration." D. Ct. Order (April 5, 2005) at 1, R. doc. 13 at 1. Mr. Georgacarakos then moved for leave to appeal without prepayment of fees. *See* 28 U.S.C. § 1915. The district court denied his motion because it thought that he "ha[d] not shown the existence of a reasoned, nonfrivolous argument on

the law and facts in support of the issues raised on appeal." D. Ct. Order (May 4, 2005) at 1-2, R. doc. 18 at 1-2. Mr. Georgacarakos appealed anyway and filed a renewed motion for leave to proceed without prepayment of fees in this court.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, if a prisoner brings an action containing multiple challenges to prison conditions, the action must be dismissed for failure to exhaust administrative remedies so long as administrative remedies have not been exhausted as to any one of the claims—that is, § 1997e(a) imposes a "total exhaustion" requirement. *See Ross*, 365 F.3d at 1188–89.

We agree with the district court that Mr. Georgacarakos failed in response to the show-cause order to demonstrate that he had exhausted administrative remedies on several of the challenges to prison conditions that he raises in his complaint. For example, Mr. Georgacarakos claims that prison officials denied him and other Asatru prisoners the use of the chapel and classrooms on account of their religion. None of the attachments to Mr. Georgacarakos's showing of cause demonstrates that this claim was ever presented to the prison authorities, much

less that his administrative remedies were exhausted. Indeed, none of the attachments to *any* of Mr. Georgacarakos's filings in the district court do so.

We observe that the dismissal in this case was without prejudice. Mr. Georgacarakos is free to file a new complaint and to attach to it proof that administrative remedies have been exhausted as to the claims that it presents. It appears that most of Mr. Georgacarakos's claims reduce to the single contention that prison authorities discriminated against him on account of his Asatru religion.

## III. CONCLUSION

We GRANT the motion to proceed without prepayment of the filing fee but AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge